J-A11011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENZIE LEE FOUST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY M. SINGER | : | |
| | : | |
| Appellant | : | No. 1308 MDA 2018 |

Appeal from the Order Entered July 9, 2018
In the Court of Common Pleas of Sullivan County Civil Division at No(s):
15 DR 00012,
PACSES 847115257

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 25, 2019**

Timothy M. Singer ("Father") appeals from the July 9, 2018 order that established a monthly child support obligation of $336 for his two children. We affirm.

Father and Kenzie Lee Foust ("Mother") never married.  The children were born of the relationship during November 2009, and July 2014, respectively.  Mother and the two children reside with the maternal grandparents in a home the grandparents own on West Cherry Street, in Dushore, Pennsylvania.  Mother pays rent and provides money for groceries. The extent to which Father also resides in the home was the key factual dispute in this case.  The parties agree that Father maintains a separate bedroom in the home and that his state-issued identification card lists the West Cherry Street residence as his home address.  However, he does not pay

rent or furnish money for food. His sole contribution to the household is mowing the lawn. Importantly, Mother asserts that Father lives in Proctor, Pennsylvania, with his girlfriend, who is also a co-worker. Mother claims that Father stays at her parents' home approximately twelve days per month when he visits the children.

Prior to the commencement of this case, Mother and Father maintained an informal agreement whereby Mother would forego child support if Father helped her provide for the children financially. However, on March 22, 2018, Mother filed a complaint for child support after Father neglected to provide such essentials as diapers for the younger child. The parties attended a domestic relations conference, and the trial court entered an interim order awarding Mother $380 per month in child support based on the conference officer's report and recommendation.

Father filed timely exceptions to the interim court order, and during the ensuing hearing, Mother and Father presented evidence regarding their respective finances and Father's living arrangements. As it relates to the particular incomes and obligations, the record demonstrates that Father has a reading disability and earns $9.55 an hour as a factory worker at Pneu-Dart, a manufacturer of tranquilizer guns and accessories. N.T., 7/3/18, at 11-12, 23-24. Since Father does not drive, he commutes with his girlfriend from her home in Proctor, or finds a ride from Dushore to the Pneu-Dart plant in Williamsport, Pennsylvania. *Id*. at 11, 32. Mother manages a Family Dollar

retail store and earns $55,000 per year. *Id*. at 20-21. She commutes two hours to work roundtrip, and she provides insurance for the minor children. *Id*. at 13, 21.

In relation to Father's domicile, Father produced the aforementioned state-issued identification card that lists his address as the maternal grandparents' home on West Cherry Street. *Id* at 6. He testified that he resided at the same address as Mother, their children, and the maternal grandparents for seven or eight years, and stated that he buys things for the children as necessary. *Id*. at 9, 19. As noted *supra*, however, Mother countered that Father is essentially a transient guest at her parents' home, and when questioned about whether he purchases items for the children, she indicated, "[s]ometimes, but not so much anymore." *Id*. 19, 22, 28.

Two days after the evidentiary hearing, the trial court entered a child support order directing Father to pay $336 per month in support plus $30 per month in arrears. Father timely filed the instant appeal and complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), wherein he raised fifteen scattershot complaints. The trial court issued a Rule 1925(a) opinion explaining its rationale for fashioning the award of child support. Plainly, the court found that Father does not maintain a residence with his children or contribute to their living expenses.

Father presents two questions for our review:

1. Did the lower Court [err] as a matter of law and/or abuse its discretion in failing to give . . . appropriate weight to the testimony of both parties that the Appellant/Father resides at the family home and is with his minor children on an almost daily basis?

2. Did the lower Court [err] as a matter of law and/or abuse its discretion in failing to find that as both parties continue to reside together and share both the legal and shared physical custody of their minor children, that the Father was entitled to a reduction or deviation from the standard support calculations?

Father's brief at 4.[1]

Essentially, Father challenges the weight that the trial court attributed to his evidence regarding whether he resides with the children at the maternal grandparents' home. Asserting that he does, in fact, live with the children and contributes to the home financially, Father contends that he is not obligated to pay court-ordered child support. While Mother neglected to file a brief in this matter, recall that she previously argued that Father resides with his girlfriend more than twice the number of days that he visits the West Cherry Street residence, and that Father contributes to neither the living expenses at the residence nor the cost of caring for their children.

_____

[1] Father's brief includes additional argument that is neither articulated in his Rule 1925(b) statement nor included in the statement of questions involved. Those issues concern whether the trial court erred in neglecting to perform a seven-year lookback for the purposes of determining Father's income or whether a downward deviation to the support guidelines was warranted pursuant to Pa.R.C.P. 1910.16-5. These arguments are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

This Court reviews child support awards for an abuse of discretion. ***Hanrahan v. Bakker***, 186 A.3d 958, 966 (Pa. 2018). As our High Court explained, "a court abuses its discretion if it exercises judgment that is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will as shown by the evidence of record. [An appellate court] will not disturb a support order unless the trial court failed to consider properly the requirements of the rules governing support actions." ***Id***.

At the outset, we observe that Father's assertions relating to the trial court's findings of fact ignore a foundational tenet underlying our standard of review of a child support order, *i.e.,*"[t]he fact-finder is entitled to weigh the evidence presented and assess its credibility[.]" ***Samii v. Samii***, 847 A.2d 691, 697 (Pa.Super. 2004). Thus, after a thorough review of the certified record, the parties' briefs and the pertinent law, we discern no abuse of discretion on the part of the trial court as to the issues raised by Father, and we affirm the child support order on the basis of the cogent and well-reasoned opinion that President Judge Russell D. Shurtleff entered on September 10, 2018.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2019

IN THE COURT OF COMMON PLEAS OF THE 44TH JUDICIAL DISTRICT
SULLIVAN COUNTY BRANCH – DOMESTIC RELATIONS DIVISION

KENZIE LEE FOUST,
     Plaintiff            :

                              :      CIVIL ACTION

vs.                        :

                              :

TIMOTHY M. SINGER,         :      NO. 2015-DR-00012
     Defendant           :      PACSES: #847115257

Kenzie Lee Foust – *Pro se*
Kenneth Levitsky, Esquire – Counsel for Sullivan County Domestic Relations
Andrew J. Katsock, III, Esquire – Counsel for Defendant

**OPINION**

Shurtleff, P.J., September 6, 2018:

This Opinion is in support of this Court's Order dated July 5, 2018.

## I.    FACTUAL BACKGROUND

On March 22, 2018 Plaintiff, Kenzie Lee Foust (hereinafter "Plaintiff") filed a Complaint

for Support. A Domestic Relations conference was scheduled and held on April 17, 2018 to

which Defendant, Timothy Singer (hereinafter "Defendant") failed to appear. An Order dated

April 17, 2018 was entered ordering Defendant to pay Three Hundred Eighty Dollars ($380.00)

together with Thirty Dollars ($30.00) in arrears, for a total monthly amount of Four Hundred

Ten Dollars ($410.00). Arrears were set at Five Hundred Seventy Dollars and Ninety-Seven

Cents ($570.97). This Order was based upon the Court's determination that the Plaintiff's

monthly net income was Two Thousand Six Hundred Seventy-Two Dollars and Twelve Cents

($2,672.12) and the Defendant's monthly net income to be One Thousand Three Hundred

Seventy-Seven Dollars and Ninety-Six Cents ($1,377.96). The Domestic Relations Summary

of Trier of Fact (hereinafter "the Summary") further indicated that Plaintiff purchases medical

coverage for the minor children at the cost of One Hundred Fifty Dollars ($150.00) per month. The Summary further reflected that Plaintiff offered to provide transportation to Defendant for the Domestic Relations conference but Defendant indicated he was not attending the same.

Thereafter, on May 7, 2018 Defendant filed exceptions to the April 17, 2018 Order. A hearing was held on Defendant's Exceptions on July 3, 2018. Following the hearing this Court issued an Order date July 5, 2018, which modified the Domestic Relations Recommendation such that Defendant shall pay to the Pennsylvania State Collection and Disbursement Unit the sum of Three Hundred Thirty-Six Dollars ($336.00) per month together with Thirty Dollars ($30.00) in arrears for a total of Three Hundred Sixty-Six Dollars ($366.00) per month for two (2) minor children effective April 30, 2018. Defendant has filed an appeal of that Order to the Pennsylvania Superior Court on August 6, 2018 and this matter is now ripe for discussion.

## II.   DISCUSSION

During the hearing on July 3, 2018, Defendant testified that he resides at 126 West Cherry Street in Dushore, Sullivan County, Pennsylvania with Plaintiff, their two (2) children, whose dates of birth Defendant did not know, and Plaintiff's parents. (H.T. 8/10/19, pp. 7-9). Defendant does not pay rent to Plaintiff's parents and does not provide any money for food. (H.T. 8/10/18, pp. 16-7). Plaintiff's parents pay for all of the food in the home. (H.T. 8/10/18, p. 17). Defendant has his own bedroom in the home. (H.T. 8/10/18, p. 17). Defendant is employed as a crimper at Pneu-Dart where he makes $9.55 an hour. (H.T. 8/10/18, pp. 10-12). Plaintiff's parents support Defendant. (H.T. 8/10/18, p. 27).

Plaintiff provides health insurance for the minor children. (H.T. 8/10/18, p. 13). Plaintiff is employed at Family Dollar as a store manager. (H.T. 8/10/18, pp. 14, 20). Plaintiff's commute to work is two hours each way. (H.T. 8/10/18, p. 24). Mother earns a $55,000.00 salary per year.

(H.T. 8/10/18, pp. 20-1, 24). Plaintiff has several bills, including credit card bills, cell phone bills and car payments. (H.T. 8/10/18, p. 25). Plaintiff pays her parents rent and contributes to the cost of groceries for her family. *Id.*

Plaintiff testified that Defendant only stays in her parents' home "once or twice a week" and the rest of the time he resides with his girlfriend. (H.T. 8/10/18, pp. 19, 28-9). Defendant testified that when he has the children on a weekend, Friday until Monday every other weekend, he resides with them at his Mother's house and that during the work week, Monday through Friday, he stays with his girlfriend, whose address Defendant does not know. (H.T. 8/10/18, pp. 30-1). Defendant does not drive so he commutes to and from work with his girlfriend, who also works at Pneu-Dart. (H.T. 8/10/18, p. 32).

Plaintiff and Defendant had an agreement that Plaintiff would not file for child support as long as Defendant helped provide for the children. (H.T. 8/10/18, pp. 22-3). Defendant was not providing things such as diapers for the child and therefore Plaintiff sought child support through the Sullivan County Domestic Relations section of this Court. (H.T. 8/10/18, pp. 22-3, 29).

In his Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), Defendant asserts that he should not have to pay support because he resides with Plaintiff and the children and contributes to the daily costs of supporting the children. The testimony of record does not support this assertion, whatsoever. Defendant assert that this Court intentionally ignored Defendant's "substantial contributions" concerning the family residence and his contributions to supporting the family. Defendant testified that the only contribution he makes to the family and the residence is mowing the lawn. (H.T. 8/10/18, p. 26).

## III.   CONCLUSION

Based upon the foregoing, this Court issued its Order dated July 5, 2018.

BY THE COURT:

_____, P.J.
Russell D. Shurtleff, President Judge

cc:
Sullivan County Domestic Relations